```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

                              :
AMERICAN TOWER CORPORATION
                              :

   v.                         :   Civil Action No. DKC 09-3470

                              :
TRI-STATE BUILDING AND SUPPLY,
INC.                          :
```

**MEMORANDUM OPINION**

American Tower Corporation filed this action seeking to vacate an arbitration award. Currently, two motions are pending and ready for resolution in this case: Respondent's motion to dismiss the petition, or in the alternative for summary judgment (Paper 6) and Petitioner's motion to stay enforcement of the arbitration award (Paper 10). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.

For the reasons below, Respondent's motion to dismiss will be granted and Petitioner's motion to stay will be denied as moot.

**I.   Background**

Nextel Communications & Building Supply, Inc. and Respondent Tri-State Stone & Building Supply, Inc. signed a contract in December 1994 whereby Nextel would lease land from Respondent on which it would erect and operate a

telecommunications tower.  (Paper 1 ¶ 1).  Petitioner American Tower is the current owner of the tower and lessee under the contract, which expires May 31, 2015.  (Paper 1 § 2).  Under the contract, Petitioner remits 50% of all revenue that it collects from subtenants on the Tower to Respondent.  (Paper 1 ¶ 10).

On May 11, 2009, Respondent filed a demand for arbitration, asking for a declaration that it had properly terminated the parties' contract, and asking for a monetary award in an amount to be determined, but for no more than $20,000.  (Paper 6, at 5; Paper 6, Ex. B).  Respondent claimed that Petitioner had failed to pay all of the rent due and refused to produce all subleases to Respondent.  (Paper 6, Ex. B).

Petitioner responded by filing a formal request for an administrative hearing on May 20, 2009, in order to determine the appropriate number of arbitrators and the applicable rules of procedure.  (Paper 6, at 5).  Petitioner argued that more than $20,000 was in controversy and so, under the contract, three arbitrators were required.  Respondent disagreed, arguing that the case was governed by the rent claim of $20,000.

The AAA assigned a case administrator to the dispute and on June 26, 2009, the administrator conducted a conference, as requested by Petitioner.  (Paper 6, at 5).  The case manager decided that the arbitration would proceed under the Expedited

2

Rules of Procedure and a single arbitrator would be selected. (*Id*.).  An arbitrator was appointed on October 21, 2009 by the AAA and a preliminary hearing was held on October 27, 2009. (Paper 6, at 6; Paper 1 ¶ 7).  During the October 27 hearing, Petitioner again raised its objection to the arbitration proceeding before a single arbitrator and under the Rules of Procedure of Expedited Arbitrations.  The arbitrator determined that, based upon the amount claimed, the matter should proceed before a single arbitrator.  (Paper 6, at 6; Paper 1 ¶ 8).  He also gave Petitioner the opportunity file a counterclaim in order to place more than $20,000 in controversy.  (Paper 6, at 6).

Four days before the hearing, on November 13, 2009, Petitioner filed an "Objection to Proceeding Under the Expedited Rules and Before a Single Arbitrator."  (Paper 6, at 1; Paper 1, Ex. 3).  In its brief Petitioner argued that the amount in controversy should be measured by the value of the leasehold interest that Respondent was seeking to terminate.  Petitioner requested that the arbitration be rescheduled to permit the parties to each select an arbitrator for a three person panel and that the arbitration occur pursuant to AAA's Procedures for Large, Complex Commercial Disputes.  (Paper 1 ¶ 9).

3

The arbitration hearing was held on November 19, 2009.  The arbitrator overruled Petitioner's objection and evidence was submitted on the merits.  The arbitrator gave his award on December 3, 2009.  (Paper 6, at 7; Paper 1, Ex. 4).  The arbitrator found in favor of Respondent and found that the contract between the parties had been breached and was terminated.  The arbitrator also determined that "the matter in dispute was not in excess of [$] 20,000. . . .".  (Paper 1 ¶ 14; Paper 1, Ex. 4).

Before this court, Petitioner argues that "the Arbitrator's decision to proceed as a single arbitrator, and under the Expedited Rules of Procedure, exceeded his authority and was to the detriment and prejudice of American Tower."  (Paper 1 ¶ 47).  Petitioner asks the court to vacate the arbitration award, and compel arbitration before a panel of three arbitrators using the Procedures for Large, Complex Commercial Disputes.  (Paper 1, at 12).

Respondent moved to dismiss the petition on January 7, 2010, pursuant to Fed.R.Civ.P. 12(b)(6), or for summary judgment.  (Paper 6).  Respondent also moved to enforce the arbitrator's award in the District Court of Maryland.  Petitioner filed a motion to stay the state court action,

4

pending resolution of the petition to vacate the award.  (Paper 10).

The District Court of Maryland ruled on March 10, 2010 that this court is the appropriate forum for consideration of a request to stay the state court proceedings.  (Paper 11, at 2).  Petitioner therefore filed a motion to stay on March 15, 2010.  (Papers 10 & 11).  Respondent responded in opposition on March 19, 2010.  (Paper 12).

At this point in the proceedings, both the motion to stay and the motion to dismiss are fully briefed and the court will address both motions simultaneously.

**II.  Motion to Dismiss**

Petitioner's motion to vacate is based on its argument that the arbitrator exceeded his powers, and that therefore the court has the power to vacate the award under 9 U.S.C. § 10(a)(4).

Respondent has moved to dismiss or for summary judgment, arguing that that "it is settled law that when an issue is raised as to the proper number of arbitrators, the arbitrating authority is empowered to determine the question, unless there is an express agreement to the contrary."  (Paper 6, at 1).  Respondent argues that the contract in existence between the parties incorporated the rules of the American Arbitration Association ("AAA") because it provided that any disputes were

5

to be arbitrated under the AAA rules.  Under the AAA rules, an arbitrator has the power to rule on his or her own jurisdiction, and a party must object to the jurisdiction of the arbitrator no later than the filing of the answering statement.  (Paper 6, at 4).  A deadline of November 9, 2009 had been set for raising preliminary matters in the matter between the parties.  Petitioner, however, did not raise its objection to the proceeding until November 13, 2009 – four days after the deadline.  (Paper 6, at 6).  Respondent also argues that Petitioner has not satisfied the requirements of 9 U.S.C. § 10(a)(4) for vacating the arbitration award and that merely because a party is dissatisfied with the result does not mean that a court may vacate the decision.  Ultimately, Respondent argues, "the issue raised by the Petition is not whether the arbitrator was right or wrong in his decision, but whether he was empowered to make the decision."  (Paper 6, at 8).

Petitioner argues that its petition alleges sufficient facts to vacate an arbitration award.  In its petition, Petitioner argues that the arbitrator's decision to proceed as a single arbitrator contravened the governing contract, and that the arbitrator "manifestly" disregarded the law, and issued an irrational and contradictory arbitration award.  Petitioner argues that the arbitrator ignored the law without any stated

6

basis when he found that the matter in dispute was not in excess of $20,000.

Courts are only empowered to vacate awards set by arbitrators under 9 U.S.C. §§ 10 and 11. *See Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008)("We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification.").[1]  Petitioner argues that its request falls within 9 U.S.C. §10(a)(4), because

---

[1] Title 9 U.S.C. § 10(a) provides in part:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

it seeks a determination as to whether the arbitrator exceeded his power when he determined that a single arbitrator was appropriate, and that the Expedited Rules would be used in the hearing.

It is clear that (1) case law dictates that the decision on whether the matter before him was to be heard by a single arbitrator or a three-arbitrator panel was one for the arbitrator himself; and (2) that the alleged facts do not satisfy requirements necessary to show that the arbitrator exceeded his power.

It is not within the power of this court to make a judicial determination as to whether a single arbitrator or panel of three arbitrators was appropriate in the dispute.  Such a determination is an issue of procedure, and procedural issues exceed the scope of this court's jurisdiction.

The U.S. Congress passed the Federal Arbitration Act ("FAA") to reverse the "longstanding judicial hostility to arbitration agreements." *Dockser v. Schwartzberg*, 433 F.3d 421 (4th Cir. 2006)(citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).  "The FAA eliminates bias in favor of judicial resolution of disputes and establishes that where a contract includes an arbitration provision, any doubts concerning the scope of arbitrable issues should be resolved in

8

favor of arbitration." *Id*. The Supreme Court has stated, and the United States Court of Appeals for the Fourth Circuit has cited, that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Id*. (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

The only exception to the policy favoring the arbitral decision-maker is when a question of "arbitrability" exists. *See Dockser*, 433 F.3d at 426 (citing *Howsam*, 537 U.S. at 83). In other words, when "there is a question regarding whether the parties should be arbitrating at all." *Dockser*, at 426. In this case, the question at issue is not whether the parties should be arbitrating, but rather whether the arbitrator had the power to determine that a single arbitrator was appropriate. This determination is one of procedure, not of arbitrability.

Both the Fourth Circuit and the Supreme Court have determined that in a procedural question such as this one, "the proper determination is for arbitral, rather than judicial, resolution." *Dockser v. Schwartzberg*, 433 F.3d at 421; *see also Green Tree Financial Corp. v. Bazzle,* 539 U.S 444 (2003)(a plurality of the Court held that an arbitrator, rather than a judge, should determine whether an arbitration agreement allowed for class action arbitration proceedings.). In *Dockser*, when a

party sought to litigate whether one arbitrator, rather than three, should preside over a pending arbitration, the Fourth Circuit found that "the question of the number of arbitrators is one of arbitration procedure." *Id*. at 425. The issue in this case, as in *Dockser*, does not involve a state or federal statute, but rather "contract interpretation and arbitration procedures." *Id*. at 426. "These are questions that arbitrators are well situated to answer." *Id*. (internal quotations omitted).

In addition to finding that the arbitrator was the proper person to determine the number of arbitrators in the manner, it is also clear that the arbitrator followed appropriate procedure, and that he did not exhibit a "manifest disregard of the law" as argued by Petitioners.

In this case, the governing contract – the lease between Petitioner and Respondent – incorporated the AAA rules, and neither party argues otherwise. The AAA rules govern much of the procedural issues involved in arbitration, including arbitrator selection. Those rules hold that the arbitrator shall have the power to rule on his or her own jurisdiction, that a party must object to the jurisdiction or arbitrability of a claim no later than the filing of the answering statement, and that the arbitrator shall interpret and apply the rules as they

10

relate to the arbitrator's powers and duties. (See the excerpt of the AAA rules at Paper 6, at 4). In addition, the contract between the parties determined that in cases where the amount in controversy was below $20,000 the arbitration would be resolved by a single arbitrator. In matters where the amount in controversy exceeds $20,000 a panel of three arbitrators would preside. (Paper 1, Ex. 1, § 17(l)). There is no evidence that the arbitrator exceeded his power in this case – he merely interpreted the rules and determined that a single arbitrator was appropriate, and that the Procedural Rules for Expedited Arbitrations were applicable.[2] A review of the process may help to clarify this point.

Respondent's initial demand for arbitration indicated that no more than $20,000 was at issue. Petitioner disagreed. After Petitioner's initial objection to proceeding with a single arbitrator, a conference was held to determine whether one or more arbitrators was appropriate, given the amount in

---

[2] The contract between the parties includes language indicating that the Rules of Procedure for Expedited Arbitrations were always to be used, no matter how many arbitrators were involved. (Paper 1, Ex. 1, "Lease Excerpts", § 17(l): "If the claim, dispute or controversy is not resolved within thirty (30) days from the date the mediation was commenced, it shall be resolved by binding arbitration pursuant to the then-current Rules of Procedure for Expedited Arbitrations applicable to commercial disputes of the American Arbitration Association.")

11

controversy. An AAA administrator determined at the conference that a single arbitrator was appropriate. At a preliminary hearing on October 27, 2009, Petitioner again objected to the proceeding before a single arbitrator. Petitioner was given a chance to file a counterclaim to put more than $20,000 at issue. Petitioner filed a counter claim. It was considered by the arbitrator and ultimately dismissed. After the deadline for filing of preliminary matters had already passed, Petitioner objected yet again, this time resting on new grounds similar to those articulated in its petition. At the start of the hearing on November 19, 2009, the arbitrator overruled the objection by Petitioner. Ultimately, the arbitrator found for Respondent. As evidenced by this litany of events and objections, Petitioner had ample opportunity for stating its case. It could have filed a legitimate counterclaim, including the arguments that it now presents, instead of referencing past events. It also could have filed its final objection in a timely manner, rather than waiting until four days after the deadline.

Ultimately, however, no evidence exists that the arbitrator acted irrationally, disregarded the law, or acted in a contradictory manner. The Fourth Circuit has articulated a standard to explain when an arbitrator shows a disregard for the law:

12

> Accordingly, a court's belief that an arbitrator misapplied the law will not justify vacation of an arbitral award. Rather, appellant is required to show that the arbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision.

*Remney v. Paine-Webber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994), *cert. denied*, 513 U.S. 1112 (1995).

Petitioner presents no evidence that any of the requirements articulated in the second sentence above have been met. From the exhibits attached to the various documents, it is clear that Petitioner's argument as to why the amount in controversy exceeded $20,000 changed over time. Its ultimate argument (which it also presents to this court) was presented four days after the deadline that had been set by the scheduling order. There is no evidence that the arbitrator considered the substance of its final argument, found it applicable, and then ignored it. Rather, because its final objection was untimely, the arbitrator was ruling on a procedural issue, which was well within his right to do.

Additionally, there is no indication that, if the arbitrator did consider the merits of Petitioner's final objection, the arbitrator found the arguments to be correct statements of law. In this case, doing so would have meant that the arbitrator would have considered Petitioner's method for

13

determining the amount in controversy and determined that it was correct – and that the amount in controversy did exceed $20,000 – but then proceeded to ignore that finding. The record does not allege or demonstrate that the arbitrator did this, and Petitioner does not allege that the hearing was unfair or that the merits of the decision were wrong. Rather, it simply alleges that one aspect of the procedure used by the arbitrator was incorrect. Because the court finds no evidence of irrationality or that the arbitrator displayed a "manifest disregard for the law," the question of procedure is one properly deferred to arbitral determination.

### III. Motion to Stay

Because the court has determined that the petition must be dismissed, Petitioner's motion to stay the state court proceedings is now moot, and will therefore be dismissed.

### IV. Conclusion

For the foregoing reasons, Respondent's motion to dismiss will be granted, and Petitioner's motion to stay will be denied. A separate Order will follow.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge